■ Fredys Ruiz, Respondent, v Johanna Alcantara, Appellant. [996 NYS2d 259]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 11, 2013, which, in this personal injury action arising out of an automobile accident, directed the parties to appear at a traverse hearing, and held defendant's motion to dismiss the complaint in abeyance pending the hearing, unanimously reversed, on the law, without costs, and defendant's motion granted. The Clerk is directed to enter judgment dismissing the complaint.

A traverse hearing was not required. The process server stated that, on April 15, 2013, he personally served a "Jane Smith" with the summons and complaint at an address at West 228th Street; the next day, he mailed the summons and complaint to defendant at that address. His affidavit did not indicate that he had searched the records of the Department of Motor Vehicles. Defendant submitted an affidavit saying that, in August 2010, she had moved from the West 228th Street address to a different address; she also submitted a driver's license, issued on October 14, 2010, showing her new address. Plaintiff did not controvert this evidence; indeed, he did not oppose defendant's motion, nor did he respond to this appeal. Accordingly, under the circumstances, the court should have granted defendant's motion to dismiss the complaint due to plaintiff's failure to properly serve defendant (see Cayo v Saggar, 31 Misc 3d 1209[A], 2011 NY Slip Op 50545[U], *2 [Sup Ct, Queens County 2011]; see also Patrick v 118 E. 60th Owners Inc., 20 Misc 3d 1131[A], 2008 NY Slip Op 51695[U], *2-3 [Sup Ct, Bronx County 2008]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.